IN RE CONDEMNATION BY THE CITY OF GREENSBORO OF CERTAIN LAND AND IMPROVEMENTS THEREON OWNED BY E. G. DILLARD AND WIFE, BESSIE I. DILLARD.

(Filed 20 May, 1959.)

APPEAL by petitioner from *Phillips, J.*, 8 September Regular Civil Term 1958 of GUILFORD (Greensboro Division).

This is a proceeding instituted pursuant to the provisions of Chapter 37, North Carolina Private Laws of 1923, as amended (being the Charter of the City of Greensboro), for the condemnation of 10.692 acres of land, together with the improvements thereon, owned by E. G. Dillard and wife, Bessie I. Dillard.

The preliminary resolution of condemnation was adopted by the City Council of the City of Greensboro on 5 May 1958 and was duly served on the owners. As provided in the Charter of the City of Greensboro, the City Council appointed one appraiser, the owners appointed one appraiser, and the two appraisers appointed a third appraiser.

Upon receiving the report of the Board of Appraisers, the City Council adopted a final resolution of condemnation on 19 May 1958, to which the owners excepted and gave notice of appeal to the Superior Court of Guilford County.

The case came on for trial in the Superior Court. There was a verdict and judgment for the respondents. The petitioner appeals, assigning error.

*H. J. Elam, III, City Attorney; J. L. Warren, Assistant City Attorney for petitioner.*

*H. L. Koontz, Shuping & Shuping for respondents.*

PER CURIAM. The sole question for the jury to determine in the court below was simply this: What was the fair market value of the land, and the improvements thereon, which the City of Greensboro condemned for municipal purposes, as of 5 May 1958?

The petitioner and the respondents offered numerous witnesses who testified as to the fair market value of the 10.692 acres of land, involved in this condemnation proceeding, as of 5 May 1958. The appellants have brought forward 27 assignments of error, based on 99 exceptions, most of them being directed to the admission or exclusion of evidence. However, after a careful examination of these assignments of error and the exceptions upon which they are based, we are constrained to hold that no prejudicial error of sufficient magnitude to justify a new trial is made to appear.

In the trial below there is in law

No Error.